**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

Adrianna Griego Gorton, SBN 031836; gortona@gtlaw.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| WestPac Labs, Inc., a California corporation, | Case No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Premier Lab Solutions, an Arizona limited liability company, | |
| Defendant. | |

Plaintiff WestPac Labs, Inc. ("WestPac" or "Plaintiff"), by its undersigned attorneys, as and for its Complaint against Defendant Premier Lab Solutions ("Premier" or "Defendant"), alleges as follows:

**THE PARTIES**

1. WestPac is a California corporation with its principal place of business in Santa Fe Springs, California.

2. Upon information and belief, Premier is an Arizona limited liability company having its principal place of business in Phoenix, Arizona. Premier has taken action or caused events to occur in Maricopa County, Arizona out of which these claims arise.

3. Upon information and belief, Premier is a manager-managed Arizona limited liability. Upon information and belief, the sole member of Premier is Joni

Oltrogge.  Upon information and belief, Oltrogge is an individual residing in Maricopa County, Arizona.

## NATURE OF THE ACTION

4. This is an action for breach of contract, breach of the covenant of good faith and fair dealing, indemnification, and unjust enrichment under Arizona law.  WestPac provided valuable COVID-19 testing services to Defendant Premier.  Despite WestPac fulfilling any and all obligations it may have had, Premier has failed to pay for the services provided by WestPac.  As a result of Premier's failure to adequately and promptly compensate WestPac, WestPac has suffered, and continues to suffer, damages in an amount no less than $355,740.00.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

6. This Court has personal jurisdiction over Premier because (a) Premier is an Arizona limited liability company whose principal place of business is in Arizona, (b) this action arises out of Premier's business activities conducted in this judicial district, and (c) Premier has committed unlawful acts within this State.

7. Venue is proper under 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1391(c)(2).

## FACTUAL ALLEGATIONS

8. WestPac is a network of three clinical and anatomic pathology laboratories with an unwavering commitment to its clients and the patients which it serves.

9. On or around April 24, 2020, WestPac and Premier entered into the Omni Pathology Laboratory Services Agreement (the "Agreement").

10. Under the Agreement, Premier engaged WestPac to provide certain laboratory and pathology services related to testing for the SARS-CoV-2 virus ("COVID-19") test specimens and diagnostic information.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

11. Pursuant to the terms of the Agreement, WestPac agreed to provide COVID-19 laboratory testing services (the "Laboratory Tests") to Premier for a fee of $70.00 per completed test.

12. The Agreement obligated Premier to compensate WestPac for its completed COVID-19 Laboratory Tests within 30 days of receipt of an invoice, Net 30 days.

13. Throughout April and May 2020, Premier requested, and WestPac performed, approximately 5,093 COVID-19 Laboratory Tests pursuant to the Agreement.

14. On or about May 31, 2020, WestPac issued Invoice No. 202005-0 (the "Invoice") to Premier in the amount of $356,840.00 for the COVID-19 Laboratory Tests it completed throughout April and May 2020.

15. Because the terms of payment were Net 30 days, payment for the Invoice was due no later than June 30, 2020.

16. The Invoice inadvertently included 11 tests that were charged at a rate of $100.00 per test. However, WestPac informed Premier of the error and notified Premier that it would reduce the Invoice amount accordingly. As such, Premier was obligated to pay the remaining balance of $355,740.00.

17. Premier has failed and refused to pay WestPac for any of the services rendered and reflected in the Invoice No. 202005-0, despite WestPac's numerous demands and the terms of the Agreement.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

18. Plaintiff incorporates each of the prior allegations as if set forth in full herein.

19. The Agreement is a valid and enforceable contract between WestPac and Premier.

20. WestPac and Premier understood and agreed to the terms of the Agreement.

21. WestPac performed all duties required of it under the Agreement.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

ACTIVE 59753358v3

22. Premier materially breached the Agreement by failing to pay for the services performed by WestPac.

23. As a direct and proximate result of Premier's material breach of the Agreement, WestPac has suffered and continues to suffer damages of no less than $355,740.00.

24. WestPac is entitled to an award of its attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01.

**SECOND CAUSE OF ACTION**
**(Breach of Covenant of Good Faith and Fair Dealing)**

25. WestPac incorporates each of the prior allegations as if set forth in full herein.

26. The Agreement is a valid and enforceable contract between WestPac and Premier.

27. Implied in every contract, including the Agreement between WestPac and Premier, is the covenant of good faith and fair dealing.

28. The covenant of good faith and fair dealing requires that Premier refrain from acting in any way that would impair WestPac's right to receive the benefits that flow from the Agreement.

29. Despite this obligation, Premier has breached the covenant of good faith and fair dealing by failing to pay WestPac pursuant to the payment terms outlined in the Agreement. Premier's bad faith continued with its refusal to provide adequate reason for its failure to compensate WestPac for its services and its failure to communicate with WestPac.

30. Premier's acts, as outlined in the allegations above, constitute a breach of the covenant of good faith and fair dealing.

31. As a direct and proximate result of Premier's breach of its duty of good faith and fair dealing, WestPac has been damaged in an amount to be proven at trial.

4

*ACTIVE 59753358v3*

32. WestPac is entitled to an award of its attorneys' fees and costs pursuant A.R.S. §§ 12-341 and 12-341.01.

### THIRD CAUSE OF ACTION
### (Express Indemnity)

33. Plaintiff incorporates each of the prior allegations as if set forth in full herein.

34. According to the terms of the Agreement, Premier is obligated to indemnify and hold harmless WestPac "for, from and against any claim, loss, liability, cost and expense (including, without limitation, costs of investigation and reasonable attorney's fees), directly or indirectly relating to, resulting from or arising out of any action or failure to act arising out of this Agreement by [Premier] and its staff…"

35. WestPac has suffered various losses arising out of or in connection with Premier's failure to act according to the terms and conditions of the Agreement and incurred costs and expenses resulting from Premier's failures.

36. WestPac has performed all obligations required of it under the terms and conditions of the Agreement.

37. By reason of the foregoing, WestPac is entitled to complete and total indemnification from Premier.

38. WestPac is entitled to an award of its attorneys' fees and costs pursuant A.R.S. §§ 12-341 and 12-341.01.

### FOURTH CAUSE OF ACTION
### (Unjust Enrichment – Pled in the Alternative)

39. Plaintiff incorporates each of the prior allegations as if set forth in full herein.

40. If for any reason, the Agreement is found to be unenforceable, Premier has been unjustly enriched by the services provided by WestPac.

41. WestPac provided Premier with valuable COVID-19 laboratory testing services and performed over 5,000 COVID-19 Laboratory Tests throughout the months of April and May 2020.

5

ACTIVE 59753358v3

42. As of the date of this Complaint, Premier has failed to pay for the services provided by WestPac. As a result of Premier's failure to pay for the services, WestPac has suffered an impoverishment.

43. Premier cannot be permitted to retain the benefits of the services provided by WestPac. Premier's failure to pay for the services provided was the actual and proximate cause of harm to WestPac.

44. If the Agreement is found to be unenforceable for any reason, WestPac does not have an adequate legal remedy.

45. WestPac is entitled to recover the damages it has suffered, in an amount no less than $355,740.00, as a result of Premier's failure to pay for the services provided.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands that Judgment be entered against Defendant as follows:

A. For an award of all recoverable actual, compensatory, and other damages no less than $355,740.00;

B. For reasonable attorneys' fees, expenses, and costs as permitted by applicable statutes and law;

C. For pre- and post- judgment interest as allowed by law; and

D. For any further relief that the Court deems appropriate under the circumstances.

Respectfully submitted this 8th day of September 2021.

GREENBERG TRAURIG, LLP

By: */s/ Adrianna Griego Gorton*
Adrianna Griego Gorton
*Attorneys for Plaintiff*

ACTIVE 59753358v3